# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| **VOLKSWAGEN AG, et al.,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:17cv1413** |
| | ) | |
| **UNINCORPORATED** | ) | |
| **ASSOCIATIONS, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

On July 13, 2018, United States Magistrate Judge John Anderson entered a Report and Recommendation ("Report"), recommending that plaintiffs' motion for default judgment be granted. Defendants, 28 unrelated individuals and entities located in the People's Republic of China, are accused of counterfeiting plaintiffs' federally-registered trademarks and then selling these unauthorized products on the internet. Plaintiffs seek to hold defendants liable for these activities under the Section 32 of the Lanham Act, 15 U.S.C. §§ 1114, 1125.

All defendants, as the Magistrate Judge correctly concluded, were properly served and 28 of these defendants, all of whom are identified in the Magistrate Judge's Report, failed to file responsive pleadings. Thus, these 28 defendants are in default and have therefore conceded that the factual allegations in plaintiffs' amended complaint are true. Given that defendants are in default, this matter was referred to Magistrate Judge Anderson pursuant to 28 U.S.C. § 636 to make the requisite findings of fact and

conclusion of law. Because plaintiffs' factual allegations must be treated as true, Judge Anderson evaluated whether plaintiffs' allegations satisfy the elements of the three federal trademark claims raised in the amended complaint. Following this analysis, Judge Anderson appropriately determined that judgment should be entered against these defendants for violating the Lanham Act.

No party objected to Judge Anderson's thorough Report. Nonetheless, the reviewing district court has an independent obligation to review the Report for clear error.[1] Although the great majority of Judge Anderson's Report is clearly correct, there is one aspect of the Report which merits closer inspection: namely, whether these 28 defendants are properly joined pursuant to Rule 20(a)(2), Fed. R. Civ. P.

Defendants may be joined in a single action if two threshold requirements are satisfied: (i) their claims arise from the same transaction or occurrence or series of transactions or occurrences; and (ii) any question of law or fact in the action is common to all defendants. *See* Fed. R. Civ. P. 20(a)(2). In recent years, district courts have split over the parameters of permissive joinder – an issue which often arises in the context of internet commerce cases. *See CineTel Films, Inc. v. Does 1-1, 052*, 853 F. Supp. 2d 545, 550 (D. Md. 2012) (collecting cases). Many courts have held that joining multiple defendants (oftentimes hundreds or thousands of defendants) in a single action simply because their underlying conduct was similar in nature violates Rule 20's transaction or

---

[1] *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (in the absence of any objections to a magistrate's report, the court "need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'").

occurrence requirement, especially when there is no evidence that the defendants acted in concert with one another.[2] Other courts have held that joinder of multiple defendants is appropriate where the defendants' actions are closely connected in time and space and those actions also support or enhance collective illegal activity.[3] Courts that have permitted "swarm" joinder have also focused heavily on judicial efficiency and the need to effectively manage these internet commerce cases which almost always result in default judgments.

Regardless of their respective outcomes, the focus of these joinder decisions often turns on the transaction or occurrence portion of the Rule's two-part test, and this case is similarly focused. It is well-settled that the "transaction or occurrence" test should be construed broadly to promote judicial efficiency;[4] however, courts cannot ignore the

---

[2] *See, e.g., Venice, P.I. v. Does 1-18*, No. 2:17-CV-285-JVB-JEM, 2018 WL 1992201, at *3 (N.D. Ind. Apr. 26, 2018); *Pow Nevada, LLC v. Doe 2*, No. C17-1649RSM, 2018 WL 525958, at *1 (W.D. Wash. Jan. 24, 2018); *Cell Film Holdings LLC v. McCray*, No. 216CV02089JADVCF, 2017 WL 5949576, at *4 (D. Nev. Nov. 29, 2017); *UN4 Prods., Inc. v. Does 1-15*, No. CV 17-2768, 2017 WL 5885779, at *3 (E.D. Pa. Nov. 29, 2017); *ME2 Prods., Inc. v. Does 1-11*, No. 1:16-CV-04052-ELR, 2017 WL 3449577, at *1 (N.D. Ga. Feb. 1, 2017); *I.T. Prods., LLC v. Does*, No. CV DKC 16-3999, 2017 WL 167840, at *2 (D. Md. Jan. 17, 2017).

[3] *See, e.g., Patrick Collins, Inc. v. Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 415436, at *2-*4 (D. Colo. Feb. 8, 2012); *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 243-44, 2012 WL 263491, at *5 (S.D.N.Y.2012); *Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d 332, 342-43 (D.D.C.2011); *W. Coast Prod., Inc. v. Does 1-5829*, 275 F.R.D. 9, 15-16 (D.D.C.2011); *K-Beech, Inc. v. Does 1-57*, No. 2:11-cv-358-Ftm-36SPC, 2011 WL 5597303, at *5-*7 (M.D. Fla. Nov. 1, 2011), *Hard Drive Prods., Inc. v. Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011); *Donkeyball Movie, LLC v. Does 1-171*, 810 F.Supp.2d 20, 26-28 (D.D.C. 2011).

[4] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("[T]he impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *Aleman v. Chugach Support Servs. Inc.*, 485 F.3d 206, 218 n. 5 (4th Cir.2007) ("Rule 20 grants courts wide discretion concerning the permissive joinder of parties."); *Advamtel, LLC v. AT & T Corp.*, 105 F. Supp. 2d 507, 514 (E.D. Va. 2000).

3

Rule's plain limitations simply for efficiency's sake. Here, it seems abundantly clear that defendants are not properly joined because their activities are wholly unrelated to one another and do not arise from the same transaction or occurrence.

Notably, the defendants in this case are distinct Chinese individuals (or entities) who are independently selling counterfeit goods on E-commerce sites such as Ebay.[5] Based on the allegations in the amended complaint, there appears to be no concert of actin between the foreign individuals (or entities) or any other form of cooperation. Moreover, the operations of these Chinese counterfeiters in no way relate to or support one another. The only commonality between the individuals (or entities) is that they use E-commerce stores like Ebay to perpetuate their counterfeiting activities. The fact that individuals who have never met one another and live in different places across the globe use a particular internet platform to violate the law does not sufficiently bind them together to permit permissive joinder. *See, e.g., Kokinda v. Pa. Dep't of Corr.*, 663 F. App'x 156, 159 (3d Cir. 2016) ("Simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder."). To hold otherwise would lead to ridiculous results.[6] Rule 20 does not contemplate unbounded joinder of parties and permitting joinder in this case would deprive the phrase "same transaction or occurrence" of any real meaning.

---

[5] This case is not a "swarm" joinder case and therefore it is even clearer that joinder of these defendants is inappropriate.

[6] For example, following plaintiffs' logic on joinder, a landlord could join all of its tenants who were delinquent in rent payments in a single breach of contract action simply because those tenants reside in the same building. Or to offer another illustration, a disabled plaintiff could sue a number of gas stations for unrelated ADA violations and join them in a single suit simply because each of these gas stations conducts business in a similar way.

Because the various claims against the defendants in this case do not arise from the same transaction or occurrence or series of transactions or occurrences, twenty-seven of the twenty-eight defendants must be severed. It is worth noting that this decision and other similar decisions understandably places a hardship on trademark and copyright owners who seek to enforce their interests against the thousands of individuals who violate their trademarks and copyrights on a daily basis. But the result reached here is what the text of Rule 20 requires and courts cannot elevate policy above the law's plain meaning. If public policy demands that trademark and copyright owners be given additional leeway to join defendants in infringement suits, a remedy exists. However, this remedy is within exclusive purview of the political branches of government. In the meantime, plaintiffs will be required to bring individual cases against individual defendant if and when those defendants' wrongful actions have no meaningful connection to one another.

Accordingly,

The Court **ADOPTS IN PART** the findings of fact and recommendations of the United States Magistrate Judge, as set forth in the Report (Doc. 70), and as supplemented and amended by this Order.

Therefore,

It is hereby **ORDERED** that plaintiff's motion for default judgment (Doc. 64) is **GRANTED** as to defendant hongyundangtou69. Final judgment against defendant hongyundangtou69 shall issue separately.

It is further **ORDERED** that the Clerk of Court shall create new civil cases for each of the remaining twenty-seven (27) defendants. Because these defendants have been properly served and have defaulted, plaintiffs will not be required to re-serve these defendants or to file new motions for default judgment. Instead, plaintiffs' current motion for default judgment will be deemed filed in each new civil case along with Judge Anderson's Report. Final judgment will then be entered separately against each defendant in each of these new cases.[7]

The Clerk is directed to provide a copy of this Order to al counsel of record, and to place this matter among the ended causes.

Alexandria, Virginia
August 30, 2018

T. S. Ellis, III
United States District Judge

---

[7] Ordinarily plaintiffs would be required to pay individual filing fees for each case it brings against each defendant. See 28 U.S.C. § 1914. However, given the posture of this particular case and the fact that this matter has already proceeded to its near conclusion, no additional filing fees will be assessed at this time. In future, however, plaintiffs will be required to file separate cases and pay separate filing fees for each unrelated defendant.